# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JAMES PATRICK BLANCH, | ) |
| Plaintiff, | ) |
| vs. | ) |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff, James Patrick Blanch, and for his claims and causes of action against Defendant, Hartford Life and Accident Insurance Company, states as follows:

### PARTIES

1. James Patrick Blanch ("Blanch") is a resident and citizen of the State of Missouri.

2. Defendant The Hartford Life and Accident Insurance Company ("Hartford") is an out-of-state insurance company authorized to do business in the State of Missouri. The Commissioner of the Missouri Department of Insurance is authorized to accept service of process on behalf of Hartford.

### JURISDICTION AND VENUE

3. Blanch brings his claim pursuant to the Employee Retirement Income Security Act ("ERISA") and 29 U.S.C. § 1001 *et seq.*

4. This dispute is governed by a welfare benefits plan and its policy documents, as well as applicable federal law regarding employer provided benefits. 29 U.S.C. § 1132(e)(1).

5. This Court also has subject matter jurisdiction pursuant to the general jurisdictional statute for civil actions arising under federal law. 28 U.S.C. § 1331.

6. Venue lies in the Western District of Missouri under 29 U.S.C. § 1332(e)(2), as the breach occurred in this district, and because the welfare benefits plan is administered in this district.

7. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and/or omissions giving rise to this action occurred within this judicial district.

## INFORMATION REGARDING TRIAL

8. No jury trial is allowed under ERISA law.

## STATEMENTS OF FACT

9. Blanch worked as a Fulfillment Clerk for Amazon.com ("Amazon") since 2003. The duties of his occupation included: loading, unloading, scanning, and lifting boxes from a conveyer system onto a temporary storage rack. This position was situated at the "Light" physical demand level. His occupation is best described in the Dictionary of Occupational Titles as a "Material Clerk". The DOT situates that occupation in the "light" physical demand category and describes the duties of the position as follows:

> TITLE(s): **MATERIAL CLERK (clerical)** alternate titles: stock-record clerk
>
> Compiles and maintains records of quantity, cost, and type of material received, stocked, and issued, and prepares material requisitions: Compares information on requisitions, invoices, and shipping notices to material received or issued to verify accuracy of order. Compiles and maintains inventory of material received, stocked, and issued [INVENTORY CLERK (clerical) 222.387-026]. Prepares requests for procurement of material. May inspect, accept, or reject material received. May mark identifying information on material. May be designated according to location of goods as Warehouse-Record Clerk (clerical).

10. After a considerable amount of analysis, including Blanch's submission of an appeal, Hartford eventually determined on January 4, 2022 that Blanch's conditions prevented him from performing the material duties of his occupation. Hartford approved his claim

and approved LTD benefits through March 20, 2021. In so doing, Hartford found that as of March 19, 2019, Blanch was not capable of engaging in work requiring "Light" physical demands, which is what his own occupation required.

11. During his employment and since, a constellation of conditions combined to create restrictions and limitations that are incompatible with Blanch's occupation as a Fulfillment Clerk or any occupation.

12. Blanch's physical impairments preclude him from any gainful employment.

13. Blanch's physical impairments arise from cervical and lumbar disc disease and degeneration.

14. Amazon sponsored a group long-term disability ("LTD") benefits plan ("Plan") for its participating employees.

15. The Plan constitutes employee welfare benefit plans as defined by 29 U.S.C. § 1002 (1).

16. The Plan offered disability benefits to qualifying Amazon's employee Plan participants.

17. At all relevant times, Blanch has been a participant and covered person under the terms of the Plan.

18. Hartford is the administrator of the Plan.

19. Amazon delegated or attempted to delegate the function of issuing LTD claim determinations to Hartford.

20. Amazon and Hartford entered into an administrative services contract through which Amazon paid Hartford for acting as claims administrator.

21. Hartford terminated benefits on January 5, 2021 and sent a letter specifying that LTD benefits were not payable beyond 03/20/21.

22. On October 30, 2021, Blanch submitted its first appeal to Hartford.

23. On November 1, 2021, Hartford sent a letter acknowledging receiving the appeal.

24. In August 2021, Blanch requested his entire claim file from Hartford.

25. On August 20, 2021 Blanch received his claim file from Hartford.

26. Blanch submitted a second appeal to Hartford on July 3, 2022.

27. On July 21, 2022, Hartford acknowledged receiving the appeal.

28. On August 9, 2022, Hartford sent a letter indicating they were reviewing the Blanch's appeal and asserted a peer review by Dr. Man Quang Le, MD.

29. Dr. Quang Le provided a peer review and noted the following restrictions and limitations:

> In my opinion based on a reasonable degree of medical certainty after considering self-reported symptoms and any cognitive issues and the cumulative effect of these, the following are restrictions and limitations as of 3/21/21 to the present: sit for 30 minutes at a time with the ability to change position as needed and with standard breaks for a total of 8 hours in an 8 hour period. Stand for 30 minutes at a time for a total of 4 hours in an 8 hour period. Walk for 30 minutes at a time for a total of 4 hours in an 8 hour period. Bend at the waist, kneel, climb, and balance occasionally. Drive constantly. Lift up to 30 pounds occasionally, up to 20 pounds frequently, and 1-pound weights constantly. No restriction for use of the upper extremities.

30. Dr. Man Quang Le is an anesthesiologist and not qualified to assess the physical conditions which result in Blanch's restrictions and limitations.

31. Hartford, on August 31, 2022, communicated that benefits were denied based on the peer review provided by Dr. Quang Le.

32. Hartford admits that, per the findings of the peer review, Blanch has some restrictions.

33. The Plan and Policy articulate the conditions under which a Plan Participant is entitled to LTD benefits.

34. It states:

> "**Disability or Disabled** means You are prevented from performing one or more of the Essential Duties of:
> 1) Your Occupation during the Elimination Period;
> 2) Your Occupation, for the 24 months following the Elimination Period, and as a result Your Current Monthly Earnings are less than 80% of Your
> 3) after that, Any Occupation.
>
> If at the end of the Elimination Period, You are prevented from performing one or more of the Essential Duties of Your Occupation, but Your Curre
> period of 12 months from the original date of Disability, or until such time as Your Current Monthly Earnings are less than 80% of Your Pre-disabil
>
> Your Disability must result from:
> 1) accidental bodily injury;
> 2) sickness;
> 3) Mental Illness;
> 4) Substance Abuse; or
> 5) pregnancy.
> Your failure to pass a physical examination required to maintain a license to perform the duties of Your Occupation, alone, does not mean that You
>
> "**Any Occupation** means any occupation for which You are qualified by education, training or experience, and that has an earnings potential greate
> 1) the product of Your Indexed Pre-disability Earnings and 80%; or
> 2) the Maximum Monthly Benefit."

35. "Essential Duty" is defined as:

> "**Essential Duty** means a duty that:
> 1) is substantial, not incidental;
> 2) is fundamental or inherent to the occupation; and
> 3) cannot be reasonably omitted or changed.
> Your ability to work the number of hours in Your regularly scheduled workweek is an Essential Duty. I

36. Blanch met the terms of "disabled" under the own occupation standard of the policy and additionally, meets the any occupation standard of the policy.

37. Blanch is unable to work any reasonable occupation due to cervical and lumbar impairments, including a chronic neck injury affecting his range of motion that disrupts his ability to turn his head from side-to-side. The lack of ability to move his body in a basic motion to adjust to real-work situations, makes him not fit for any reasonable occupation. Not only is he unable to perform the material duties of his own occupation, due to this lumbar and cervical spine impairments, he is unable to perform any reasonable occupation.

38. Hartford purportedly performed a transferable skills analysis on August 8, 2022 and determined that Blanch was able to work largely fictitious occupations it created.

39. This is in error, for the following reasons:

5

a. Blanch has no transferable skills that remain intact;

b. Blanch does not have the ability to be retrained into any occupation;

c. Blanch possesses no computer skills to speak of; and

d. Blanch lacks the ability to perform basic range of motion movements that are required for even sedentary jobs.

40. Hartford determined in its transferable skill analysis that Blanch had transferable skills related to the following occupations:

    a. Repair-Order Clerk;
    b. Credit Card Clerk;
    c. Sorter;
    d. Appointment Clerk;
    e. Charge Account Clerk;
    f. Order Caller; or
    g. Officer Helper.

41. Many of these occupations have not been updated by the DOT since 1977. These occupations, in the 2022 national economy, would all require the proficient use of computers to input orders; in some electronic medium.

42. Blanch has no experience with computers and no transferable skills related to computers which would enable him to reasonably perform the occupations suggested by the transferable skills analysis that Hartford performed.

43. Blanch, in combination with his limited physical restrictions to the lumbar spine and bipolar disorder, anxiety and depression, is unable to work any reasonable occupation for any day.

44. Blanch has, at all relevant times, met the policies definition of "Disabled or Disability" under the Plan and is entitled to benefits.

45. Blanch has exhausted his administrative remedies.

## CAUSES OF ACTION

### COUNT I
### 29 U.S.C. § 1132(a)(1)(B) – WRONGFUL DENIAL OF BENEFITS

46. Blanch realleges the preceding paragraphs as if fully set forth herein.

47. Blanch is entitled to all unpaid and accrued LTD benefits, as Hartford:

    a. Made an unfavorable decision without substantial evidence;

    b. Failed to properly consider Blanch's medical impairments and resulting limitations; and

    c. Issued an unfavorable decision that was arbitrary and capricious.

48. Pursuant to 29 U.S.C. § 1132(a)(1)(b), Blanch is entitled to an award of actual damages for losses suffered.

49. Pursuant to 29 U.S.C. § 1132(g), judgment may include compensation for a beneficiary's attorney's fees, costs, and prejudgment interest.

50. Hartford has not satisfied its obligation to pay Blanch's LTD benefits.

51. WHEREFORE, pursuant to 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(g), Blanch prays for judgment against Hartford for unpaid LTD benefits, attorney's fees, costs, and prejudgment interest.

### COUNT II
### 29 U.S.C. § 1132(a)(3) – BREACH OF FIDUCIARY DUTY

52. Blanch realleges the preceding paragraphs as if fully set forth herein.

53. Under 29 U.S.C. § 1002(21)(A), a fiduciary is one who:

    "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property or such plan, or has any authority or responsibility to do so, or (iii) he

has any discretionary authority or discretionary responsibility in the administration of such plan."

54. 29 U.S.C. § 1104(a)(1)(A) describes the fiduciary standard of care:

    "a fiduciary shall discharge her duties with respect to a plan solely in the interest of the participants and beneficiaries and – for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan."

55. Hartford, the Plan's designated claims administrator, is a fiduciary.

56. Blanch participated in and benefitted from the Plan as previously indicated.

57. Hartford's claims management practices are motivated by financial incentives in its administrative services agreement with Amazon.

58. As the payor of benefits and the entity responsible for exercising discretion in claims administration, Hartford operates under an inherent conflict of interest.

59. A higher than marketplace quality standard, as set forth in *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 (2008) governs the actions of a fiduciary.

60. Hartford breached its fiduciary duty in:

    a. Failing to comply with its internal guidelines and claims handling procedures. Its claim handlers did not comply with documented instructions involving the administration of disability claims, including its procedures involving coverage and eligibility determinations;

    b. Engaging in a structural conflict of interest by assuming the role of both claims administrator and payor of benefits;

    c. Engaging in a structural conflict of interest by referring Blanch's claim for per review to a person with a conflict of interest and who is incapable of providing independent, unbiased opinions;

d. Failing to properly consider competent medical and vocational opinion evidence, and/or failing to specifically explain why it did not agree with such evidence; and

e. Failing to produce to Blanch a full and complete copy of his claim file and/or any other documents relevant to the denial of his claim;

61. Hartford denied Blanch's LTD benefits for the purpose of elevating its financial interests. In doing so, it breached its fiduciary duties.

62. Hartford failed to discharge its duties solely in the interests of its participants and beneficiaries. It acted with both a conflict of interest and breached its fiduciary duty to both Blanch and the Plan's participants and beneficiaries generally.

63. Hartford's improper conduct demonstrates that ordinary relief under § 1132(a)(1)(B) is not an adequate remedy.

64. Hartford's violations of regulations alone allow Blanch the right to pursue any remedy under Section 502(a) of ERISA, including § 1132(a)(3). 29 C.F.R. § 2560.503-1(1)(2)(i).

65. Hartford's violations of federal regulation also subject its decision to *de novo* review.

66. WHEREFORE, pursuant to 29 U.S.C. § 1132(a)(3), § 1109, and § 1132(a)(2), Blanch prays for an order that Hartford retrain its employees consistent with ERISA fiduciary obligations and federal regulations; for reformation of its services agreement with the plan administrator consistent with ERISA fiduciary obligations and federal regulations; for an injunction preventing further unlawful acts by Hartford in its fiduciary capacity; for an equitable accounting of benefits that Hartford has withheld; for the disgorgement of profits enjoyed by Hartford in withholding benefits; for restitution under a theory of surcharge; for the Court's imposition of a constructive trust; for an award of attorney fees; and for further relief as the Court deems just.

Respectfully submitted,

BURNETTDRISKILL, Attorneys

By: /s/ Derrick A. Pearce
Derrick A. Pearce, Mo. # 42793
Kyle H. Sciolaro, Mo. #64568
Paul J. Taylor, Mo. #72159
103 W 26th Ave., Ste. 290
North Kansas City, MO  64116
P: 816.781.4836
F: 816.792.3634
dpearce@burnettdriskill.com
ksciolaro@burnettdriskill.com
ptaylor@burnettdriskill.com
ATTORNEYS FOR PLAINTIFF